IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CENTRAL STATES, SOUTHEAST )
AND SOUTHWEST AREAS PENSION )
FUND, et al., )
 )
       **Plaintiffs,** )
 )
       v. )   No. 08 C 3078
 )
JOHN R. CONCRETE & SUPPLY )
COMPANY, et al., )
 )
 )
       **Defendants.** )

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendant John R. Concrete & Supply Company's ("JRCSC") and John R. Sand & Gravel Company's ("JRSGC") motion to transfer. For the reasons stated below, we grant the motion to transfer.

## BACKGROUND

Plaintiffs, Central States, Southeast and Southwest Areas Pension Fund and Howard McDougall, (collectively referred to as the "Fund"), allege that JRCSC was subject to certain collective bargaining agreements with a Local Union affiliated with the International Brotherhood of Teamsters ("Union") and was required to make contributions to the Fund on behalf of certain employees. According to the Fund, JRCSC and JRSGC are brother-sister corporations, under common control by a trust and, as such, constitute a single employer under the Employee Retirement Income Securities Act of 1974, 29 U.S.C. § 1001 *et. seq.* ("ERISA"). The Fund alleges that, on December 9, 2006, JRCSC ceased to have an obligation to the Fund, which constituted a "complete withdrawal" by both JRCSC and JRSGC, pursuant to ERISA. (Compl. Par. 17). The Fund claims that by withdrawing from the Fund, Defendants incurred withdrawal liability to the Fund in the amount of $317,348.25. On August 17, 2007, Defendants were allegedly given notice of the withdrawal liability and a demand for payment and on September 19, 2007, Defendants were notified that their payments were past due. On November 13, 2007, JRCSC allegedly requested a review of the assessment, contending that it was entitled to a certain exemption pursuant to ERISA. The Fund alleges that on April 2, 2008, the Fund provided a response to the request for review, rejecting JRCSC's position and

reaffirming the assessment.  According to the Fund, Defendants failed to timely initiate arbitration with respect to their withdrawal liability within the statutory period and, as such, Defendants have waived all challenges to the withdrawal liability.

The Fund brought the instant action on May 28, 2008, seeking a judgment against Defendants, pursuant to Section 502(g) of ERISA, 29 U.S.C. § 1132(g)(2), for the full amount of the withdrawal liability.  Defendants filed the instant motion to transfer venue to the United States District Court for the Eastern District of Michigan.

**LEGAL STANDARD**

Pursuant to 28 U.S.C. § 1404(a) ("Section 1404(a)"), a district court may transfer a civil action to another district if such a transfer is appropriate and if it is done "[f]or the convenience of parties and witnesses, [and] in the interest of justice. . . ." 28 U.S.C. § 1404(a).  In order to transfer a case pursuant to Section 1404(a), the transferor court must first find that: (1) venue is proper in the transferor district, and (2) venue is proper in the transferee district.  *See Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219 (7th Cir. 1986); 28 U.S.C. § 1404(a)(stating that transfer can only be made to a district in which the action "might have been brought"). The moving

party has the burden of "establishing . . . that the transferee forum is clearly more convenient." *Coffey*, 796 F.2d at 219.

## DISCUSSION

Defendants move to transfer this action, pursuant to Section 1404(a), to the Eastern District of Michigan. According to Defendants, venue and jurisdiction is proper both in the Northern District of Illinois and the Eastern District of Michigan. However, Defendants argue that the Eastern District of Michigan is clearly a more convenient forum since: (1) both JRCSC and JRSGC are located and do business in Michigan, (2) all of the plan beneficiaries reside in Michigan, and (3) all relevant documents related to the Fund's claims are located in Michigan.

I. Venue in Transferor and Transferee Districts

Defendants argue, as an initial matter, that venue is proper in both the Northern District of Illinois and the Eastern District of Michigan. In order for a case to be transferred, the district court must first find that venue is proper in both the transferor district and the transferee district. *Coffey*, 796 F.2d at 219; 28 U.S.C. § 1404(a). Under ERISA, venue is proper "in the district where the plan is administered, where the breach took place, or where a defendant resides or may be

4

found. . . ." 19 U.S.C. § 1132(e)(2). Both parties are in agreement that venue is proper in both the Northern District of Illinois, since that is where the Fund is administered, as well as the Eastern District of Michigan, since that is where both Defendants are located. Therefore, Defendants have met their first burden under 28 U.S.C. § 1404(a) of showing that venue is proper in the transferor and transferee districts.

II. Most Convenient Forum

The central dispute between Defendants and the Fund, relating to the motion to transfer, involves the issue of whether the Eastern District of Michigan is clearly a more convenient forum than the Northern District of Illinois. If venue is proper in both the transferor and transferee districts, as is the case in the instant action, the transferor court must then consider: (1) the choice of forum by plaintiff, (2) the convenience of the parties, (3) the convenience of the witnesses, and (4) the interest of justice. *Federal Deposit Ins. Corp. v. Citizens Bank and Trust Co. of Park Ridge, Ill.*, 592 F.2d 364, 368 (7th Cir. 1979); *Coffey*, 796 F.2d at 220 n.3. The movant bears the burden of establishing that the transferee district is "clearly more convenient." *Coffey*, 796 F.2d at 220.

A. The Fund's Choice of Forum

The Fund argues that it brought the instant action in the Northern District of Illinois, as it was entitled to do under ERISA, and its choice of forum is entitled to deference by the court. When considering a motion to transfer, the court should "give some weight to the plaintiff's choice of forum." *Federal Deposit Ins. Corp.*, 592 F.2d at 368. In this case, as in all cases where a Section 1404(a) motion is considered, the plaintiff's choice of forum is entitled to deference and the Fund's choice of the Northern District of Illinois as forum is a factor that weighs against transfer.

B. Convenience of the Parties and the Witnesses

Defendants argue that any deference that should be given to the Fund's choice of forum is heavily outweighed by the inconvenience that would be caused to the parties and witnesses if the action is litigated in the Northern District of Illinois. Defendants argue that the vast majority of the witnesses and documentary evidence is located in Michigan. In support of their motion, Defendants have submitted the affidavit of the secretary of both JRCSC and JRSGC, who states that all of the relevant principals, employees, agents, and independent contractors of JRCSC and JRSGC are located in Michigan. Defendants point out that they are family-run

businesses operating in Michigan and that employees and principals of JRCSC and JRSGC would be heavily inconvenienced if they were required to come to Chicago, Illinois for depositions and court hearings. Defendants state that such an inconvenience would hinder efforts to wind down the operations of JRCSC and to continue the operations of JRSGC. According to Defendants, a "legion" of individuals and documentary evidence related to the Fund's claims are located in Michigan. (Mot. 5). Furthermore, Defendants point out that many of the witnesses reside outside of the subpoena power of the Northern District of Illinois but, within the subpoena power of the Eastern District of Michigan.

The Fund does not dispute the fact that many of the witnesses associated with Defendants reside in Michigan. The Fund merely questions the inconvenience to Defendants of litigating the instant action in the Northern District of Illinois since JRCSC is no longer in business. However, Defendants have represented to the court that employees and principals continue to be involved in the winding down of JRCSC and these employees would be inconvenienced.

The Fund also makes the argument that there is a substantial likelihood that the instant action will not proceed to trial, but will rather be resolved on a motion for summary judgment. The Fund argues that the central issues in the instant action have each been conceded by Defendants in their filings and their failure to timely

7

initiate arbitration in accordance with ERISA. The Fund states that the action is likely to be resolved on summary judgment, which would make the concerns over the convenience of the respective parties and witnesses less compelling, given the fact that there is not likely to be any trial.

The court notes that, at this juncture, it would not be appropriate to speculate on the merits of any motion for summary judgment which may be brought by the Fund. While the Fund argues that summary judgment in their favor is a likely outcome in the instant action, no such motion has been filed. Also, even if the court were to accept the Fund's proposition that the instant action is likely to result in a summary judgment, before any motion for summary judgment is filed discovery matters, including the taking of depositions, would subject Defendants and witnesses to inconvenience as articulated by Defendants. Thus, contrary to the Fund's position, the inconvenience of Defendants is not less compelling simply because the Fund speculates a summary judgment ruling in its favor.

The court also notes that, in a contractual provision between the Fund and JRCSC, the parties agreed to the exercise of "personal jurisdiction and venue in the United States District Court for the Northern District of Illinois, Eastern Division" and agreed that "said forum is the most convenient forum for such suit." (Ans. Ex. O). However, we note that not all forum selection clauses are enforceable and

neither party has discussed the enforceability of this particular forum selection clause. *See Muzumdar v. Wellness Inten. Network, Ltd.*, 438 F.3d 759, 760 (7th Cir. 2006)(discussing enforceability of forum selection clauses). The Fund has cited to the forum selection clause in its contract with JRCSC merely as one of the factors to be considered under Section 1404(a) and has not provided any support for the proposition that such a clause should override the factors in Section 1404(a). A dispute also remains between the parties as to whether such a forum selection clause is enforceable, particularly with respect to JRSGC, which Defendants argue was not a signatory party to the contract.

The court agrees with Defendants that the convenience of the parties and the convenience of the witnesses are factors that substantially favor granting Defendants' motion to transfer. Defendants have shown that the inconvenience to them and their employees would be substantial, particularly in light of the relative differences in resources among the parties.

### C. Interest of Justice

Defendants finally argue that the interest of justice would favor a transfer in this case. In determining whether the interest of justice supports transferring a case, a court may consider: (1) whether a transfer promotes the "efficient administration of

justice," (2) whether the action could be consolidated with other actions in the transferee district, (3) whether the judges in the transferee district are more familiar with the pertinent state law, (4) whether jurors in a particular district have a "financial interest in [the] case," and (5) which district would have jurors that could "best apply community standards." *Coffey*, 796 F.2d at 220-21 n.4. None of the considerations stated above has been presented by the parties favoring one forum over another in this case. Further, the parties have not pointed to any additional considerations that would indicate that the interest of justice factor would favor one forum over the other. Since the instant action relates to ERISA, both courts are familiar with the applicable federal law. Therefore, the interest of justice factor does not weigh in favor of transfer or against transfer.

We find that Defendants have shown that the substantial inconvenience to the parties and witnesses factors would clearly outweigh any other considerations in this case. *Coffey*, 796 F.2d at 219-20 (emphasis added). According to the evidence presented by Defendants, in the form of an affidavit, there are a substantial number of witnesses who, along with Defendants, are located within the Eastern District of Michigan and outside of the subpoena power of the Northern District of Illinois. The Fund has not rebutted Defendants' arguments that the inconvenience to the principals and employees of JRCSC and JRSGC of litigating the instant action in the Northern

District of Illinois would be substantial. The Fund has merely questioned, without support, the extent of JRCSC's continued operations and speculated on the likelihood of success on a not-yet-filed motion for summary judgment. We find that Defendants have met their burden, pursuant to Section 1404(a) and a transfer to the Eastern District of Michigan would be appropriate. Therefore, we grant the motion to transfer.

## CONCLUSION

Based on the foregoing analysis, we grant Defendants' motion to transfer.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated: August 27, 2008